## READ *vs.* YOUNG, in error.

Specialties are not negotiable, and no action can he maintained on an instrument under seal, in the name of the assignee.

SAMUEL B. YOUNG, the defendant in error, brought an action of covenant against David Read, the plaintiff in error, before the County Court for the County of Bennington, in which he declared against the said Read, " That on the first day of June, 1811, the said David Read, did, by his deed, of that date, signed with his hand and sealed with his seal, covenant to pay to T. Everet, or bearer, 429,79 six months after date," making a profert of the in-

strument, and setting forth an endorsement by T. Everet, directing *Bennington* the contents to be paid to Samuel B. Young, the plaintiff below ; *July.* from these facts raises a liability and promise by David Read, to *1814.* pay to the said Samuel B. Young, avers that the said David Read *Read* had never paid, and concludes, " and so the said David Read, his *vs.* covenant aforesaid hath not kept, but hath broken the same." The *Young* deed, on oyer, was set forth in the words and figures following :—

Bennington, June 1, 1811. Six months after date I promise to pay to Thomas Everet or bearer, four hundred twenty nine dollars, value received. DAVID READ. (L.S.)

On the back of which was the following endorsement.

Bennington, June 1, 1811. . Value received, pay the contents to Samuel B. Young, or bearer. THOMAS EVERET.

To which declaration, David Read, the defendant, below, put in a general demurrer ; and the Court below, rendered judgment for the plaintiff. To reverse which judgment Read, the defendant below, brought this writ of error, and assigned the general error ; to which the defendant in error pleaded, in *nullo est erratum.*

*Wright,* for the plaintiff in error. The original action in this case was an attempt to render specialties negotiable, like promissory notes, and bills of exchange. But no instrument under seal is negotiable, either at common law, or by statute, so as to enable the indorsee to maintain an action upon it, in his own name. For this reason the judgment is erroneous and ought to be reversed.

But, in this case, covenant and *assumpsit* are joined in the same declaration. It must be unnecessary to advert to authorities to prove that, a count in covenant, and a count in *assumpsit* cannot be joined in the same declaration : it is to be presumed, that the attorney who drew this declaration, was aware of this principle of law, and that it is as old as the law itself, but considered that the system of law would be vastly improved by setting it aside. But, his fertile genius did not suffer him to stop here, he has attempted a still further improvement, by joining covenant and *assumpsit* in the same count.

*Young,* for himself. There can be no good reason why an indorsee of a specialty, or instrument under seal, may not maintain an

Bennington
July.
1814.

Read
vs.
Young.

action, in his own name, on such instrument, as well as the indorsee of a promissory note or bill of exchange. The liability is raised on the endorsement, and he *assumpsit* alledged to pay to the plaintiff below, as the indorsee or bearer, in order to lay a foundation for a breach of the covenant. David Read had covenanted to pay to Thomas Everet or bearer, and his refusal to pay to the endorsee or bearer, is clearly a breach of the covenant.

*By the Court.* It is believed, that this is the first attempt ever made by any one, to support an action on a speciality in the name of the assignee of such specialty. To allow this, would be to expunge from the law, the maxim, that a chose in action is not transferable. Whether there is the same reason for rendering instruments under seal negotiable, as there is for rendering promissory notes and bills of exchange negotiable, is a question for the Legislature to decide, not for courts of law. Certain *bona fide* assignments of specialties, and on certain considerations, will, indeed, afford the assignee a remedy in a Court of Equity, and, in some cases, will be protected in a Court of law ; but an assignment, in such case, will not vest in the assignee, a right of maintaining an action in his own name on the specialty assigned.

The attorney who drew the declaration in this sase, must have felt how impossible it was to state his case, in consistency with the settled rules and maxims of law. He found it impossible to avoid a heterogenous mixture of covenant and *assumpsit*—of specialty and simple contract. For the original contract, in this case is a speciality, while the assignment, or rather endorsement is without seal, a mere simple contract.

To sustain this action would be to remove the ancient land marks of the law in pleadings, and remove the ancient and long established boundaries of actions. The judgment of the Court below must, therefore, be reversed.